John B. Thorsness
Clapp, Peterson, Tiemessen,
  Thorsness & Johnson, LLC
711 H Street, Suite 620
Anchorage, AK  99501
(907) 272-9272 – phone
(907) 272-9586 – fax
usdc-anch-ntc@cplawak.com
Attorneys for Defendant
Penn-America Insurance Co.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| J. ROBERTA HARRIS,<br><br>              Plaintiff,<br><br>     vs.<br><br>PENN-AMERICA INSURANCE CO.,<br><br>              Defendant. | Civil Action No.:  3-12-cv-_____ |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Penn-America Insurance Co. ("Penn-America"), hereby removes the state court action captioned *J. Roberta Harris v. Penn-America Insurance Co.*, Case No. 3HO-12-00049 CI, pending in the Superior Court for the State of Alaska, Third Judicial District at Homer ("Action"), to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  The grounds for removal are as follows:

## THE REMOVED CASE

1. This is a breach of insurance contract action in which the plaintiff, J. Roberta Harris ("Harris") alleges that Penn-America wrongfully excluded coverage to its insured, Kemper Sackman dba KS Mechanical ("KS Mechanical") for damage

NOTICE OF REMOVAL
*Harris v. Penn-America Insurance Co.,* Case No. 3-12-cv-_____
Page 1 of 6

it caused to Harris' property. (See Plaintiff's Amended Complaint ("Complaint"), ¶ 5.) Specifically, the Complaint alleges that, after KS Mechanical tendered a claim to Penn-America for defense and indemnification in the underlying action, Penn-America denied indemnification or defense of the claim on the grounds that the language of the policy excluded coverage. (Id. at ¶¶7-8.) Harris obtained an Order for Entry of Default against KS Mechanical on August 9, 2010. (Id. at ¶10.) Harris executed upon all causes of action held by KS Mechanical against Penn-America. (Id. at ¶¶ 13-15). Harris claims that, as a result of this execution sale, she is now the "owner" of KS Mechanical's cause of action and claims against Penn-America. (Id. at ¶15).

2. Plaintiff filed her Amended Complaint on April 19, 2012.[1] Penn-America was served with a Copy of the Amended Complaint on August 17, 2012. (See Certificate of Service, Exhibit B.)

3. The Action could have been originally filed in this Court pursuant to 28 U.S.C. §§ 1332 and 1367, in that there is complete diversity between the parties, and the amount in controversy is in excess of the statutory requirement of $75,000.

## **REMOVAL IS APPROPRIATE AND TIMELY**

4. Removal is timely because it is made within 30 days of Penn-America receiving service of the Amended Complaint. 28 U.S.C. § 1446(b); *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994)("[R]emoval was within the 30-day period required by section 1446(b) and was timely."); *Vanvelzor v. Central*

---

[1] Penn-America was not served with a copy of Plaintiff's original Complaint. Penn-America received a copy of the Second Amended Complaint on September 12, 2012.

**Clapp, Peterson, Tiemessen,
Thorsness & Johnson, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

NOTICE OF REMOVAL
*Harris v. Penn-America Insurance Co.,* Case No. 3-12-cv-_____
Page 2 of 6
Case 3:12-cv-00191-SLG   Document 1   Filed 09/14/12   Page 2 of 6

Clapp, Peterson, Tiemessen,
Thorsness & Johnson, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

*Garden & Pet Co.*, 3219534 *1 (D. Alaska August 13, 2010) (notice of removal filed within 30 days from the date defense counsel received the amended complaint was timely under U.S.C. §1446(b)).

5. Venue properly lies in the United States District Court for the District of Alaska pursuant to 28 U.S.C. §§ 81A and 1441(a) because Alaska constitutes one judicial district embracing the place where the state court action is pending.

6. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. §1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. Pursuant to 28 U.S.C. § 1441(b), suits that do not arise under federal law are removable "if none of the parties in interest properly-joined and served as defendants is a citizen of the State in which such action is brought."

7. Complete diversity of citizenship exists between the parties.

8. Plaintiff at all relevant times has been a citizen of Homer, Alaska. (Complaint, ¶1, Exhibit A.)

9. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business. 28 U.S.C. §1332(c)(1); *Montrose Chemical Corp. of California v. American Motorists Ins. Co.*, 117 F.3d 1128, 1132 (9th Cir. 1997). Penn-America is a company within the Penn-America Group, Inc., a Pennsylvania Corporation, and, thus, is a citizen of Pennsylvania for the purpose of determining diversity. (Complaint, ¶2). Penn-America was not a citizen of the

NOTICE OF REMOVAL
*Harris v. Penn-America Insurance Co.,* Case No. 3-12-cv-_____
Page 3 of 6

State of Alaska at the time this case was filed within the meaning of the Acts of Congress relating to the removal of cases. 28 U.S.C. § 1332(c)(1).

10. Accordingly, there is complete diversity among the parties, and removal is proper under 28 U.S.C. § 1332(a)(1).

## **AMOUNT IN CONTROVERSY**

11. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied in this case. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lholka*, 599 F.3d 1102, 1106 (9th Cir. 2010)("A federal court has jurisdiction over the underlying dispute if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs"); *Borgen v. United Parcel Services*, 2006 WL 1096628 at *1 (D. Alaska April 25, 2006) (case properly removed where the complaint demonstrates that at the time of removal the amount in controversy exceeded $75,000).

12. Here, it is clear from Plaintiff's Complaint that the amount in controversy is greater than $75,000, exclusive of interest and costs. In order to bring a civil suit in the Superior Court for the State of Alaska, the amount in controversy must exceed $100,000. *See* Rule 45 of the Alaska Rules Governing the Administration of All Courts. Because Plaintiff's Complaint was filed in the Superior Court for the State of Alaska, and because Plaintiff's Complaint states she "has been damaged in a sum in excess of $1 million in accord of proof at trial,

NOTICE OF REMOVAL
*Harris v. Penn-America Insurance Co.,* Case No. 3-12-cv-_____
Page 4 of 6
Case 3:12-cv-00191-SLG   Document 1   Filed 09/14/12   Page 4 of 6

Clapp, Peterson, Tiemessen,
Thorsness & Johnson, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

together with allowable costs, fees and interest", it is clear that Plaintiff is seeking damages in an amount greater than $100,000 in this case.

13. As such, both of the requirements for federal diversity jurisdiction are satisfied and this case is removable by Penn-America.

**PAPERS FROM REMOVED ACTION AND OTHER REQUIREMENTS**

14. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings and orders in the possession of Penn-America in the removed case are attached hereto as Exhibit A (Summons and Notice to Both Parties of Judicial Assignment and Amended Complaint); Exhibit B (Certificate of Service); and Exhibit C (Second Amended Complaint) and are incorporated herein by this reference.

15. Pursuant to 28 U.S.C. § 1446(d), Penn-America is filing a written notice of this removal with the Clerk of the Superior Court for the State of Alaska, Third Judicial District at Homer. Copies of this Notice of Removal and the Notice of Filing Notice of Removal to the Clerk of the Superior Court for the State of Alaska, Third Judicial District at Homer are also being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Penn-America respectfully removes the Action from the Superior Court for the State of Alaska, Third Judicial District at Homer, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

NOTICE OF REMOVAL
*Harris v. Penn-America Insurance Co.,* Case No. 3-12-cv-_____
Page 5 of 6
Case 3:12-cv-00191-SLG   Document 1   Filed 09/14/12   Page 5 of 6

DATED at Anchorage, Alaska, this 14th day of September, 2012.

CLAPP, PETERSON, TIEMESSEN,
THORSNESS & JOHNSON LLC
Attorneys for Defendant

By /s/ John B. Thorsness
   John B. Thorsness, ABA No. 8211154
   CLAPP, PETERSON, TIEMESSEN,
    THORSNESS & JOHNSON, LLC
   711 H Street, Suite 620
   Anchorage, AK 99501
   Telephone: (907) 272-9272
   Facsimile: (907) 272-9586
   E-mail: usdc-anch-ntc@cplawak.com

Attorneys for Defendant Penn-America Insurance Co.

**CERTIFICATE OF SERVICE AND FONT**

I certify that a copy of this document, in Arial 12.5, was ☒ mailed, ½ faxed, ½ hand delivered on September 14, 2012, to the following:

Peter R. Ehrhardt, Esq.
Law Office of Peter R. Ehrhardt
215 Fidalgo Ave., Suite 201
Kenai, AK 99611

George R. Lyle, Esq.
Guess & Rudd PC
510 L Street, Suite 700
Anchorage, AK 99501


By: /s/ John B. Thorsness

NOTICE OF REMOVAL
*Harris v. Penn-America Insurance Co.,* Case No. 3-12-cv-_____
Page 6 of 6