IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT KENAI

J. ROBERTA HARRIS

Plaintiff(s),

vs.

UNITED AMERICAN INSURANCE GROUP d/b/a
PENN-AMERICAN INSURANCE CO.

Defendant(s).

CASE NO. 3KN- _____

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

**To Defendant:** UNITED AMERICAN INSURANCE GROUP d/b/a PENN-AMERICAN INSURANCE CO.
You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at <u>125 Trading Bay Drive, Suite 100, Kenai, Alaska 99611-7717</u> within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented), PETER C. EHRHARDT
whose address is: 215 Fidalgo Ave., Ste. 201, Kenai, AK 99611

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

This case has been assigned to:

- [ ] Superior Court Judge Carl J.D. Bauman
- [x] Superior Court Judge Charles T. Huguelet
- [ ] Superior Court Judge Anna M. Moran
- [ ] District Court Judge Sharon S. Illsley

Date

CLERK OF COURT
By: _____
Deputy Clerk

*The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 KENAI (8/07)(st.3)                                Civil Rules 4, 5, 12, 42(c), 55

Case 3:12-cv-00191-SLG   Document 1-1   Filed 09/14/12   Page 1 of 10
Exhibit A Page 1 of 10

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT HOMER

| | |
|---|---|
| J. ROBERTA HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3HO-12-49 CI |
| vs. ) | |
| ) | |
| UNITED AMERICAN INSURANCE ) | |
| GROUP d/b/a PENN-AMERICAN ) | |
| INSURANCE CO., ) | |
| ) | |
| Defendant ) | |

## AMENDED COMPLAINT

**COMES NOW** Plaintiff, by and through her attorneys, Peter Ehrhardt of 215 Fidalgo Avenue, Ste. 201, Kenai, Alaska, and Mark Osterman of Muncie, Indiana and for her complaint against the Defendant, states and alleges as follows:

1. Plaintiff was at all times relevant a resident of Homer, Alaska located in the Third Judicial District for the State of Alaska.

2. Defendant, Penn American Insurance Co. a subsidiary of United American Insurance Group is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Pennsylvania authorized to do and engaged in business as an insurance company in Alaska.

Peter R. Ehrhardt - AK Bar No. 8006016
LAW OFFICE OF PETER R. EHRHARDT
215 Fidalgo Ave., Ste. 201 • Kenai, Alaska 99611
Tele: 907/283-2876 • Fax: 907/283-2896 • email: peter@mail.kenailaw.com

1

Peter R. Ehrhardt - AK Bar No. 8006016
LAW OFFICE OF PETER R. EHRHARDT
215 Fidalgo Ave., Ste. 201 • Kenai, Alaska 99611
Tele: 907/283-2876 • Fax: 907/283-2896 • email: peter@mail.kenailaw.com

3. On or about September 27, 2008, defendant Penn America, by and through its agents and employees, issued to Kemper Sackman dba K S Mechanical (herein referred to as the insured or Kemper Sackman) a commercial general liability insurance policy, policy number PAC6785558, effective September 27, 2008, through September 27, 2009. This policy provided that Penn America would pay all sums that the insured became legally obligated to pay as damages because of injury or damage resulting from the insured's negligence during the term of the policy, in the maximum amount of $1,000,000.00.

4. The insured, Kemper Sackman dba K S Mechanical, fully performed all the terms and conditions of the policy that the insured was required to perform.

5. On or about June 2, 2009, while the policy was in full force and effect, at or near Homer, Alaska Kemper Sackman was hired to install fuel oil stoves and replace fuel lines in Plaintiff's residence and rental unit. On or about June 2, 2009, Sackman negligently and improperly ran hard copper pipe instead of tubing and secured the pipe to a wall that was not winterized. The wall moved during thaw and broke the lines dumping over 300 gallons of fuel oil around Plantiff Harris' house.

6. On or about February 19, 2010, plaintiff Harris filed a negligence action against the insured, Kemper Sackman in Case No. 3HO-10-0046CI here referred to as the "underlying action." The complaint in the underlying action asserted a negligence cause of action against the insured based on improper and negligent installation of Plaintiff's piping.

7. On service of the summons and complaint in the underlying action, the Insured Kemper Sackman timely forwarded the summons and complaint to defendant

and tendered a claim to defendant Penn American for defense and indemnification in the underlying action.

8. Defendant Penn American denied indemnification or defense of this claim on the grounds that the language of the policy excluded coverage. A copy of the correspondence denying the claim is attached as Exhibit 1, and incorporated by reference.

9. On August 9, 2010 an Order For Entry of Default was entered in the above-entitled matter. A hearing was held, and a Final Judgment was entered on 9/16/2010 making a judgment in the sum of $260,165.49 @ 3.5% interest (approximately $24.94 per day, $9105.79 a year) against Kemper Sackman. A copy of the judgment is attached as Exhibit 2 and incorporated herein by reference.

10. Penn-American Ins. Co.'s denial of and refusal to provide coverage/defense on behalf of Kemper Sackman in the underlying case was, as is set forth more fully below, a breach of contract, negligence, a breach of the covenant of good faith and fair dealing and an act of bad faith by Penn America.

11. Kemper Sackman has been asked by Plaintiff's judgment creditor to assign his claim against Penn America and has refused.

12. Although plaintiff has demanded payment on the judgment in the underlying action, neither Penn American nor Kemper Sackman has paid plaintiff the judgment or any part of the judgment. Thus, the whole amount of the judgment is now due and owing to plaintiff.

13. On September 26, 2011 Plaintiff moved under <u>Bergen v. F/V St. Patrick</u> <u>686 F. Supp. 786 (US Dist. AK 1988)</u> for an involuntary transfer by execution sale of

3

any cause of action of Kemper Sackman dba K S Mechanical against Penn America for bad faith, negligence or any other claim.

14. The court ordered that the cause of action could be sold to the highest bidder, and that the plaintiff judgment creditor causing the execution had the right to bid part or all of the judgment proceeds as an offset bid for the cause of action.

15. On March 23, 2012 execution and sale of this asset of Kemper Sackman occurred, Plaintiff is now the owner of Kemper Sackman's cause of action and claims against Penn America.

## COUNT 1 - NEGLIGENCE

Plaintiff hereby realleges and incorporates all previous allegations as if fully set forth herein.

16. A judgment was entered against Kemper Sackman and K&S Mechanical as attached because of negligence resulting in injury to J. Robert Harris.

17. Defendant Pen America was obligated, pursuant to the terms of its policy to defend and indemnify Kemper Sackman and K&S Mechanical, which it failed to do. This failure by Penn America was negligent in the following ways:

a. Negligently failing and refusing to provide a defense and indemnification to its insured in the underlying action at a time when defendant knew that it was obligated under the terms and conditions of the insurance policy to promptly provide a defense and indemnification to the insured in the underlying action;

b. Negligently misrepresenting pertinent facts and policy provisions relating to the liability coverage at issue;

4

c. Negligently failing to reasonably and promptly investigate and process their insured's claim for defense and indemnification by failing to thoroughly and promptly investigate to determine that the policy provided coverage to their insured in the underlying action;

d. Negligently failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the underlying action even though liability for the damages sustained by plaintiff was reasonably clear, and defendant was given a reasonable opportunity to settle the underlying action against its insured within the policy limits of coverage;

e. Negligently failing to consider the interests of its insured with as much consideration as its own by refusing to settle the underlying action within the policy limits of coverage at a time when defendant knew, or should have known, of the substantial likelihood that failure to settle the underlying action would expose their insured to personal liability;

f. Negligently failing to provide a reasonable explanation of the basis relied on in the policy, in relation to the applicable facts, for the denial of the insured's claim for defense and indemnification in the underlying action; and

g. In other ways to be established in accord with proof at trial.

18. As a direct and proximate result of defendant's negligence Kemper Sackman and now plaintiff the judgment creditor and owner of Kemper Sackman's

Peter R. Ehrhardt - AK Bar No. 8006016
LAW OFFICE OF PETER R. EHRHARDT
215 Fidalgo Ave., Ste. 201 • Kenai, Alaska 99611
Tele: 907/283-2876 • Fax: 907/283-2896 • email: peter@mail.kenailaw.com

5

claim has been damaged in a sum in excess of $1 million in accord of proof at trial, together with allowable costs fees and interest.

## COUNT 2 - BREACH OF DUTY OF GOOD FAITH & FAIR DEALING

Plaintiff hereby realleges and incorporates all previous allegations as if fully set forth herein.

19. Defendant has breached its duty of good faith and fair dealing owed to the insured Kemper Sackman, in the following respects:

a. Unreasonably and in bad faith failing and refusing to provide a defense and indemnification to its insured in the underlying action at a time when defendant knew that it were obligated under the terms and conditions of the insurance policy to promptly provide a defense and indemnification to their insured in the underlying action;

b. Unreasonably and in bad faith misrepresenting pertinent facts and policy provisions relating to the liability coverage at issue;

c. Failing to reasonably and promptly investigate and process their insured's claim for defense and indemnification by failing to thoroughly and promptly investigate to determine that the policy provided coverage to their insured in the underlying action;

d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the underlying action even though liability for the damages sustained by plaintiff was reasonably clear, and defendant was given a

6

reasonable opportunity to settle the underlying action against its insured within the policy limits of coverage;

e. Unreasonably and in bad faith failing to consider the interests of its insured with as much consideration as its own by refusing to settle the underlying action within the policy limits of coverage at a time when defendant knew, or should have known, of the substantial likelihood that failure to settle the underlying action would expose their insured to personal liability;

f. Failing to provide a reasonable explanation of the basis relied on in the policy, in relation to the applicable facts, for the denial of their insured's claim for defense and indemnification in the underlying action; and

g. In other ways to be established in accord with proof at trial.

20. As a proximate result of defendants' unreasonable, bad-faith conduct, Kemper Sackman and now plaintiff the judgment creditor and owner of Kemper Sackman's claim has been damaged in a sum in excess of $1 million in accord of proof at trial, together with allowable costs fees and interest.

## COUNT 3 - BREACH OF CONTRACT

Plaintiff hereby realleges and incorporates all previous allegations as if fully set forth herein.

21. A contract of insurance existed between the insured Kemper Sackman and the Defendant.

22. The insured, Kemper Sackman dba K S Mechanical, fully performed all the terms and conditions of the policy that the insured was required to perform.

7

Peter R. Ehrhardt - AK Bar No. 8006016
LAW OFFICE OF PETER R. EHRHARDT
215 Fidalgo Ave., Ste. 201 • Kenai, Alaska 99611
Tele: 907/283-2876 • Fax: 907/283-2896 • email: peter@mail.kenailaw.com

23. Defendant breach the contract of the parties by refusing to defend, indemnify or otherwise pay any liability claim in the manner set forth in the other counts of this complaint.

24. As a proximate result of defendants' breach of contract, Kemper Sackman and now plaintiff the judgment creditor and owner of Kemper Sackman's claim has been damaged in a sum in excess of $1 million in accord of proof at trial, together with allowable costs fees and interest.

## COUNT 4 - PUNITIVE DAMAGES

Plaintiff hereby realleges and incorporates all previous allegations as if fully set forth herein.

25. The misrepresentations, statements and actions of defendant referred to in this complaint were intentional, reckless, or done in disregard of the rights of Kemper Sackman and now plaintiff the judgment creditor and owner of Kemper Sackman's claim has been damaged and therefore entitle Plaintiff to punitive damages in an amount in accord with proof at time of trial, but in excess of $1,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment as follows:

a. For an award of compensatory damages against defendants in excess of $1 million for Plaintiff in accordance with proof at time of trial;

b. For an award of punitive damages against Defendant in favor of Plaintiff;

8

c.  For an award of Plaintiff's costs and attorneys fees in pursuing this action; and

d.  For such and further relief as the Court may deem just and equitable.

DATED this 17 day of Apr_____, 2012.

_____
Mark Osterman  ABA # 0211064
520 W. Main St., Ste 4
Muncie, IN 47305
Tele 907-394-1400

_____
Peter Ehrhardt  ABA# 8006016
215 Fidalgo Suite 201
Kenai, AK 99611
Tele 907-283-2876

Peter R. Ehrhardt - AK Bar No. 8006016
LAW OFFICE OF PETER R. EHRHARDT
215 Fidalgo Ave., Ste. 201 • Kenai, Alaska 99611
Tele: 907/283-2876 • Fax: 907/283-2896 • email: peter@mail.kenailaw.com

9